IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02001-MDB

UNITED STATES OLYMPIC & PARALYMPIC
COMMITTEE, a federally chartered corporation,

     Plaintiff,

v.

PRIME HYDRATION, LLC,

     Defendant.

---

## DEFENDANT PRIME HYDRATION LLC'S MOTION TO DISMISS

Defendant Prime Hydration LLC ("Prime"), by and through its undersigned counsel of record, submit the following Motion to Dismiss Plaintiff United States Olympic & Paralympic Committee's ("USOPC" or "Plaintiff") Complaint, pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"). As set forth below, Counts II-VI should be dismissed for failure to state a claim.

### COMPLIANCE WITH DUTY TO MEET AND CONFER

In compliance with Uniform Practice Standards of the United States Magistrate Judges Section V(9), the parties met and conferred by telephone to discuss the bases of Prime's present Motion to Dismiss. Prime explained the specific arguments it intended to raise for each of Counts II – VI, as identified below. Plaintiff's counsel stated that Plaintiff will review Prime's Motion and if it believes amending the Complaint would resolve all or part of the present Motion, it will consider filing an amended complaint. In the event

Plaintiff seeks to file an amended complaint to address the issues raised in this Motion, Defendant will not oppose Plaintiff's request for such relief.

## I.    INTRODUCTION AND FACTUAL BACKGROUND

This case arises from a partnership between Prime, an internationally known sports beverage brand, and Kevin Durant, a famous, celebrated Olympic athlete and repeated gold medal winner. USOPC asserts that Prime's featuring of Mr. Durant and its description of his hard-earned personal accomplishments, in small font, on the back of special edition bottles are a violation of its intellectual property because the description includes the words or phrases "olympic," "olympian," "team USA," and "going for gold." There is no dispute that Prime's description of Mr. Durant and his accomplishments on the bottles are accurate: 1) he is an Olympian; 2) he is a repeated Gold Medalist (winning a gold medal now four times), 3) he is a three-point wizard; 4) he is a master of mid-range skills; 5) he was a member of Team USA; and 6) he was going for gold at the recent 2024 games. Rather, the dispute is whether Prime's accurate description attracts consumers and is likely to cause confusion as to the source or sponsorship of its sports hydration drink -- all despite the large lettering of PRIME on the front of and around the bottles. A representation of the bottle sleeve is shown below:



Dkt. #1, Complaint ¶ 22. As it has with the bottles, Prime makes clear in its social media and advertising that the source of its drinks is coming from Prime, and only Prime, in partnership with Kevin Durant -- with both identifiers (Durant and Prime) having large, bold lettering featured prominently:









Dkt. #1, Complaint ¶ 23, 25, 26. Absent one advertisement, as shown above, the terms and phrases "olympic," "olympian," "team USA," and "going for gold" cannot be seen and even in that single advertisement the accused infringing terms cannot be read. As such, it lacks credibility to claim that Prime's fair and descriptive use infringes USOPC's rights,

dilutes the distinctiveness of any of USOPC's marks, or unfairly competes with the USOPC.

USOPC knows that its allegations are tenuous which explains why it adopts its current "kitchen sink" approach by filling the Complaint with disjointed factual statements and mere legal conclusions for its causes of action. This type of "shotgun" pleading violates Fed. Rule. Civ. P. 8, fails to clearly set out USOPC's factual support for its claims, and fails to put Prime on notice of the nature of the challenged activity. As such, Counts II-VI should be dismissed for failure to state a claim under Fed. Rule. Civ. P. 12(b)(6).

## II.    ARGUMENT

### A.  Legal Standard

In reviewing a motion to dismiss under Rule 12(b)(6), the Court views the motion in the light most favorable to the nonmoving party and accepts all well-pleaded facts as true. *Teigen v. Reffrow,* 511 F.3d 1072, 1079 (10th Cir. 2007). The facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1940; *Southern Disposal, Inc. v. Texas Waste*, 161

F.3d 1259, 1262 (10th Cir. 1998) (finding that the court need not accept conclusory allegations without supporting factual averments).

B.  USOPC's Complaint is an Inappropriate "Shotgun" Pleading

USOPC's causes of action amount to a shotgun approach to pleading in violation of Rule 8 as USOPC has either completely failed to set out the elements of the cause of action and/or fails to allege sufficient facts, if any facts at all, to put Prime on notice of the alleged wrongdoing that supports such claims. Colorado federal courts have strongly criticized such use of a "shotgun pleading." *See Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224, 1242–43 (D. Colo. 2014). As a court in this District has observed:

> Shotgun pleading is an attractive option for the pleader, who can simply recite an extended narrative at the beginning of the pleading, and proceed to state numerous claims by simply reciting the formulaic elements of the claim and referring holistically to the preceding narrative as support. But doing so places an inordinate burden on the party responding to that pleading, and on the Court interpreting it, requiring them to parse the narrative repeatedly and attempt to independently extract the particular factual averments that are relevant to each individual claim. Essentially, the shotgun pleader foists off one of the pleading lawyer's critical tasks—sifting a mountain of facts down to a handful of those that are relevant to a given claim—onto the reader.

*Jacobs v. Credit Suisse First Boston*, Case No. 11–cv–00042–CMA–KLM, 2011 WL 4537007, *6 (D.Colo. Sept. 30, 2011). As detailed below, USOPC's Complaint amounts to nothing more than a shotgun pleading.

C.  USOPC Fails to State A Cause of Action for Unfair Competition Under Colorado's Consumer Protection Act (Count V)

In Count V, USOPC asserts a cause of action under the Colorado Consumer Protection Act ("CCPA"). To state a claim under the CCPA, USOPC must allege: (1) that Prime has engaged in an unfair or deceptive trade practice; (2) the challenged practice occurs in the course of the Prime's business; (3) the challenged practice significantly

impacts the public as actual or potential consumers of the Prime's goods; (4) USOPC suffers injury in fact to a legally protected interest; and (5) the challenged practice causes USOPC injury. *Park Rise Homeowners Assn.,* 155 P.3d at 434–35. Courts routinely dismiss claimed violations of the CCPA where there is no allegation that the alleged conduct significantly impacts the public. *See Wheeler v. T.L. Roofing, Inc.*, 74 P.3d 499, 506 (Colo. App. 2003); *Anson v. Trujillo*, 56 P.3d 114, 118 (Colo. App. 2002); *Rartakut-K v. Cherry Creek Detective Agency LLC*, 2015 Colo. Dist. LEXIS 1965, *19-20 (June 25, 2019). "In determining the public impact of an allegedly deceptive trade practice, courts look at three factors: (1) the number of consumers directly affected by the challenged practice; (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice; and (3) evidence that the challenged practice previously has impacted other consumers or has significant potential to do so in the future." *Rartakut-K,* 2015 Colo. Dist. LEXIS 1965 at *19-20.

Count V should be dismissed because USOPC fails to allege the required elements for a violation of the CCPA. USOPC especially fails to allege any practice of Prime that significantly affected the public interest in Colorado. Nor has USOPC even identified what the public interest would be. The CCPA only regulates practices that "because of their nature, may prove injurious, offensive, or dangerous *to the public.*" *People ex rel. Dunbar v. Gym of America, Inc.*, 493 P.2d 660, 665 (1972) (emphasis added); *see also Hall v. Walter*, 969 P.2d 224, 234 (Colo. 1998) ("the challenged practice must significantly impact the public as actual or potential consumers of the defendant's goods, services, or property"). Conversely, a wrong that is "private in nature, and does

not affect the public," does not give rise to liability under the CCPA. *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.,* 62 P.3d 142, 149 (Colo. 2003).

USOPC alleges that Prime violated the CCPA through "misleading use of the Infringing Marks caus[ing a] likelihood of confusion." Complaint ¶ 68. There are no allegations that Prime's practice "may prove injurious, offensive, or dangerous to the public." Nor are there any allegations that the challenged practice significantly impacts the public as actual or potential consumers of the Prime's goods, let alone the number of consumers affected, the sophistication and bargaining power of the consumers affected, or evidence that the challenged practice previously has impacted other consumers or has significant potential to do so in the future. *Park Rise Homeowners Assn.*, 155 P.3d at 434–35; *Rartakut-K,* 2015 Colo. Dist. LEXIS 1965 at *19-20. Nowhere does the USOPC ever allege that the general purchasing public did not receive what it intended to buy -- a Prime sourced hydration drink sponsored by and associated with Kevin Durant.

USOPC's allegations amount to a mere recitation of elements, which are not sufficient to state a cause of action under the CCPA. USOPC's allegations amount to, at best, a private wrong, *i.e.* alleged infringement of USOPC's rights, which is simply inappropriate for relief under the CCPA. As such, this Court should dismiss Count V for failure to state a claim upon which relief can be granted.

D. <u>USOPC Fails to State Causes of Action For Common Law Trademark Infringement and Unfair Competition (Count VI), A Violation of the Lanham Act Section 32 (Count II), Or A Violation of the Lanham Act Section 43(a) (Count III)</u>

USPOC asserts causes of action for trademark infringement and unfair competition under the Lanham Act and Colorado State law (Counts II, III, VI). "The elements of common law trademark or service mark infringement are similar to those required to prove

unfair competition under § 43(a) of the Lanham Act. Among other things, a plaintiff must establish a protectable interest in its mark, the defendant's use of that mark in commerce, and the likelihood of consumer confusion." *Donchez v. Coors Brewing Co.*, 392 F.3d 1211, 1219 (10th Cir. 2004). "It is a bedrock principle of trademark law that trademark ownership is ... acquired ... from prior appropriation and actual use in the market." *S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 665 (7th Cir. 2016); *Gabb Wireless, Inc. v. Troomi Wireless, Inc.*, No. 2:21-CV-253-TC-DAO, 2023 WL 258548, at *3 (D. Utah Jan. 18, 2023).

Here, USOPC alleges trademark infringement and unfair competition under the common law of Colorado (Count VI), but fails to allege sufficient facts supporting (i) that USOPC used the marks in commerce in Colorado; (ii) the specific goods and services it used each of the marks in association with in Colorado; (iii) that Prime used the same or confusingly similar marks on the same or related goods/services in commerce in Colorado; and (iv) that USOPC's use with the same/similar goods/services is prior to Prime's use in Colorado. None of these facts that are required to establish any claims under Colorado common law have been alleged. In fact, the only allegation raised by USOPC relating to Prime's use in Colorado are in relation to personal jurisdiction, where USOPC alleges that Prime used "…an infringing mark in connection with the sale and offering for sale of goods and services to customers in this District…" Dkt. #1, Complaint ¶ 6. There is simply no identification of specific goods or services ever being provided in Colorado. Further, USOPC raises no allegation that any of its "goods or services" are commercially related to Prime's use on hydration drinks towards finding a likelihood of

confusion in support of its assertion of trademark infringement or unfair competition under either Colorado common law or the Lanham Act.

As to USOPC's claims for federal trademark infringement, USOPC baldly states the legal conclusion that Prime "uses a registered mark in connection with the sale of goods or services wherein such use is likely to cause confusion, mistake, or deception" and that based on such use, Prime is "liable for trademark infringement of Plaintiff's OLYMPIC, TEAM USA, and GOING FOR THE GOLD marks." Dkt. #1, Complaint ¶ 47.

USOPC fails to allege the actions by Prime that are likely to cause confusion and amount to trademark infringement. While USOPC purports to own registrations for trademarks in association with specific goods such as ornamental lapel pins, clothing, pamphlets, license plates, bumper stickers, magnets, backpacks, ornaments, lanyard, and jewelry and services such as selecting athletes to represent the US in international competitions, educational services relating to athletic events, promoting the Olympic Movement, and fundraising (Dkt. #1, Complaint ¶ 16), USOPC fails to allege that any of these registered goods or services are allegedly similar to Prime's fair and descriptive use with hydration drinks so as to allege confusion and state a claim for trademark infringement. *See Han Beauty, Inc. v. Alberto-Culver Co.*, 236 F.3d 1333, 1336 (Fed. Cir. 2001) (noting that relatedness of the goods is one of two "dispositive factors" in the likelihood of confusion analysis); *Stratus Networks, Inc. v. UBTA-UBET Communs. Inc.*, 955 F.3d 994, 999 (Fed. Cir. 2020) (same). Similarly, USOPC's claims under Section 43(a) of the Lanham Act conclusively alleges that "[g]iven the sameness of Prime Hydration's usages and Plaintiff's OLYMPIC, TEAM USA, and GOING FOR THE GOLD marks, Defendant's current use and intended use constitutes and will constitute a false

designation of origin, false or misleading description of facts, and false or misleading representations of fact tending wrongfully and falsely to describe or represent a connection or affiliation with the USOPC and/or the Olympic Games" (Dkt. #1, Complaint ¶ 52), without connecting any supporting facts to such claims, including how Prime's fair and descriptive use allegedly relates to USOPC's use and rights.

The only allegations raised relating to USOPC's use of any marks on beverages, if at all, are parsed from its unsupported allegation relating to a purported license with Coca-Cola (Dkt. #1, Complaint ¶ 19). Notably, there are no allegations that the alleged permitted use is actually in association with beverages that compete with Prime's hydration drinks – as opposed to other products. Moreover, these allegations assert no facts that this purportedly "allowed" use occurred in Colorado. Nor is there any reference to this purportedly "extensive" use in any causes of action under the Lanham Act or Colorado common law.

As such, USOPC has failed to state a claim under the Lanham Act or Colorado common law for trademark infringement or unfair competition and Counts II, III, and VI should be dismissed.

E. USOPC Fails to State A Claim For Trademark Dilution (Count IV)

To state a claim for dilution, a Plaintiff must plausibly allege that (i) it owns a "famous" mark; (ii) the mark was famous before the defendant began its use; and (iii) the defendant's use has or will cause "dilution." *See Otter Prods., LLC v. Wang*, No. 18-cv-03198-CMA, 2019 WL 1403022, at *5 (D. Colo. Mar. 28, 2019) (citing *King of the Mt. Sports, Inc. v. Chrysler Corp.*, 968 F. Supp. 568, 577 (D. Colo. 1997), *aff'd*, 185 F.3d 1084 (10th Cir. 1999)). USOPC fails to allege any of these required elements for the alleged OLYMPIAN, TEAM USA, and GOING FOR THE GOLD marks. Instead, the only

allegation relating to these marks summarily states that Prime "is and intends to continue engaging in the unauthorized commercial use of the OLYMPIC, OLYMPIAN, TEAM USA, and GOING FOR THE GOLD marks, thereby falsely representing association with or authorization by the USOPC, the IOC, and/or the Olympic Games." Dkt. #1, Complaint ¶ 62. USOPC fails to allege, let alone allege facts supporting, that any or all of the OLYMPIAN, TEAM USA, and GOING FOR THE GOLD marks are (i) famous; (ii) were famous before Prime allegedly used the marks or (iii) that Prime's fair and descriptive use of these marks will cause dilution. As such, USOPC fails to state a claim for dilution as to the alleged marks OLYMPIAN, TEAM USA, and GOING FOR THE GOLD.

## III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's motion to dismiss Counts II-VI.

Dated:  November 7, 2024

Respectfully submitted,

By:

*s/ Herbert H. Finn*
Andrew D. Barr, Esq.
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540
Email: Andrew.Barr@gtlaw.com

Herbert H. Finn, Esq.
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email: FinnH@gtlaw.com

*Attorneys for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*<u>s/ Herbert H. Finn</u>*